IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Joseph A. Dunston, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | Civil Action No. 5:19-cv-01960-TMC |
| v. | ) ) | **ORDER** |
| Hector Joyner, Warden of Perry Correctional Institution, | ) ) ) ) | |
| Respondent. | ) ) | |

Petitioner Joseph A. Dunston ("Petitioner"), a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 12, 2019. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On August 30, 2019, Respondent filed a Motion for Summary Judgment, (ECF No. 17), and Petitioner filed a Response in Opposition to Respondent's motion, (ECF No. 20). Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Respondent's Motion for Summary Judgment be granted and that the Petition be denied. (ECF No. 25). Petitioner was notified of his right to file objections to the Report, (ECF No. 25-1), and did so on December 12, 2019, (ECF No. 28).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject,

1

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner has filed this Petition *pro se*; thus, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth a detailed account of the facts in her Report. (ECF No. 25 at 1–4). Briefly, Petitioner is currently serving a 199-month sentence at the Federal Correctional Institution in Estill, South Carolina. (ECF No. 1 at 1, 3). Petitioner filed the instant action to challenge the computation of his release date. *Id.* at 8–10.

On April 2, 2008, Petitioner was arrested by state authorities in Fort Lauderdale, Florida, pursuant to a federal warrant issued by the Eastern District of Pennsylvania. (ECF No. 17-2 at 11). On April 24, 2008, Petitioner appeared before a magistrate judge in the Eastern District of Pennsylvania and the court subsequently dismissed the charge against Petitioner, without prejudice, for lack of probable cause. *Id.* at 27–28. The following day, on April 25, 2008,

Petitioner was charged with the instant federal offenses of Conspiracy (Count One), Armed Bank Robbery, Aiding and Abetting (Count Two), and Carrying a Firearm During and in relation to a Crime of Violence (Count Three), under a new case number, DPAE2:08CR000289-001, in the Eastern District of Pennsylvania. *See id*. at 49. That same day, Petitioner was released from federal custody to Pennsylvania state authorities for parole violations in two state cases. *See id*. at 52–70, 72–85.

On July 2, 2008, Petitioner was transferred back into federal custody to face the pending charges in case DPAE2:08CR000289-001. *Id*. at 3, 14. On December 22, 2009, Petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to 115 months each for Counts One and Two, to run concurrently, and 84 months on Count Three to run consecutively, for a total of 199 months. *Id*. at 87–88. Because the judgment was silent, however, as to how the sentence was to run against any other sentence, the Bureau of Prisons ("BOP") computed a consecutive sentence commencing on the date it was imposed, December 22, 2009. *Id*. at 3, 88. On February 14, 2012, Petitioner's sentence was amended to reduce his time on Count One to 60 months, still concurrent with his 115 months on Count Two and consecutive to the 84 months on Count Three, thereby keeping his aggregate term of imprisonment at 199 months. *Id*. at 107–08.

Petitioner has repeatedly filed motions with the District Court for the Eastern District of Pennsylvania seeking relief from his sentence. On April 18, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. *See id*. at 114–33. The district court denied Petitioner's motion, finding that Petitioner's trial counsel was not ineffective. *See id*. at 136–52. On October 5, 2017, Petitioner also filed a request for Nunc Pro Tunc relief, seeking to have the BOP retroactively start

his sentence from April 2, 2008—the date he was arrested on the federal charge that was subsequently dismissed. *Id*. at 154. On October 31, 2017, the Designation and Sentence Computation Center ("DSCC") notified Petitioner that he was ineligible for a retroactive designation because his sentence had been computed from the date it was imposed and could not begin any earlier, pursuant to 18 U.S.C. § 3585(a). *Id*. at 156. Then, on March 21, 2019, Petitioner moved for a reduction or modification of his sentence under Guidelines Amendment 599. *Id*. at 158–65. Again, the district court denied his motion, noting that "Amendment 599 had been in effect for twelve years when Defendant was sentenced to 199 months' imprisonment after pleading guilty" and "[Petitioner] has identified no Guidelines amendment that lowers his advisory Guidelines range." *Id*. at 167–68. On June 10, 2019, Petitioner moved to have his jail credit corrected on his sentence computation. *Id*. at 170–71. Once more, the district court denied Petitioner's motion, noting that it lacked the authority and jurisdiction to grant Petitioner's requested relief, and advising Petitioner that "he must first exhaust his administrative remedies and then seek *habeas* relief pursuant to 28 U.S.C. § 2241 in the district in which he is imprisoned . . . ." *Id*. at 174.

Consequently, Petitioner initiated this action on July 12, 2019, challenging the execution and calculation of his federal sentence and requesting additional credit for time served arising out of the same course of conduct to result in an earlier release date. *See* (ECF No. 1). In particular, Petitioner asks the court to "[e]ither enter an Order changing Petitioner's Projected Release date . . . to near April 25, 2022 or to Vacate Petitioner's Sentence and Remand Petitioner for Resentencing . . . ." *Id*. at 11. On August 30, 2019, Respondent filed a Motion for Summary Judgment, (ECF No. 17), and Petitioner responded on September 9, 2019, (ECF No. 20). The magistrate judge entered her Report on November 22, 2019, recommending the undersigned grant

the Respondent's Motion for Summary Judgment (ECF No. 17) and deny the Petition (ECF No. 1). (ECF No. 25). Petitioner filed objections to the Report. (ECF No. 28). Accordingly, the matter is now ripe for review.

## II. DISCUSSION

In her Report, the magistrate judge recommends that the undersigned grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 25 at 10). Specifically, the magistrate judge made the following findings: (1) "Petitioner's federal sentence has been computed correctly as commencing on December 22, 2009, consistent with federal statutes, regulations, and policy[;]" (2) "Petitioner is not entitled to any additional prior custody credit[;]" and (3) "the BOP correctly considered all the required factors and reasonably declined to award Petitioner Nunc Pro Tunc relief." *Id*. at 7, 8, 10.

Petitioner filed objections to the Report. (ECF No. 28). In his first objection, Petitioner attempts to argue new due process challenges to the validity of his conviction and sentence. *See* (ECF No. 28 at 1–6). However, federal district "[c]ourts have frowned upon objections to R&Rs that make new arguments that serve as a new basis for" a petitioner's claims and, thus, "the court is not obligated to consider new arguments raised by a party for the first time in objection to the magistrate's report." *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. March 31, 2017); *see also Mason v. Warden, Graham Correctional Institution*, Civ. A. No. 5:15-cv-04963-RBH, 2017 WL 1044848, at *6 (D.S.C. March 20, 2017) ("the [c]ourt need not consider a claim raised for the first time in a habeas petitioner's objections"); *Clark v. Thompson*, Civ. A. No. 0:12-cv-02669-RBH, 2014 WL 1234347, at *2 (D.S.C. March 25, 2014) (noting petitioner's new argument raised for the first time in his objections "must be

5

overruled as untimely and thus improper"). Accordingly, to the extent Petitioner now attempts to challenge the validity of his conviction, this objection is overruled.[1]

Nevertheless, the court gleans that Petitioner's first objection centers on the magistrate judge's recitation of Petitioner's arrest history. *See* (ECF No. 28 at 1, 4). In particular, Petitioner argues that he was charged with the offenses underlying his conviction on July 24, 2008, rather than on April 25, 2008 as the magistrate judge found. *See id*. Having reviewed the record, however, the court finds that the magistrate judge thoroughly and correctly set forth the facts and procedural history of Petitioner's case, including the date on which he was charged. Therefore, this objection is overruled.

Liberally construing his second objection, Petitioner asserts the magistrate judge erred in finding that Petitioner's release date has been properly calculated and that Defendant is entitled to summary judgment. *See id*. at 6–10. However, Petitioner merely restates the conclusory allegations and arguments set forth in his Petition and summary judgment briefing regarding the proper calculation of his release date. *Id*. As noted by the magistrate judge, however, Petitioner "has not provided any evidence to support his alleged commencement date[,]" nor his alleged entitlement to any additional prior custody credit or Nunc Pro Tunc relief. (ECF No. 25 at 7–10). Accordingly, Petitioner's second objection has no merit. Moreover, to the extent Petitioner asserts the "new good time provision" of the First Step Act applies to further reduce his sentence and move up his release date, this is the first time Petitioner has presented this argument and the court declines to consider it. *See* (ECF No. 28 at 7–9); *Mason*, 2017 WL 1044848, at *6. Therefore, Petitioner's second objection is also overruled.

---

[1] The court further notes that the arguments Petitioner asserts in his objections have already been fully considered, addressed, and properly denied by the United States District Court for the Eastern District of Pennsylvania when ruling on Petitioner's first § 2255 motion. *See* (ECF No. 17-2 at 136–52).

# III. CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 25), which is incorporated herein by reference. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**. Additionally, Petitioner's Motion for Expedited Decision (ECF No. 14) hereby **DENIED as moot.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                                                                  s/Timothy M. Cain
                                                                                                  United States District Judge

Anderson, South Carolina
February 11, 2020